
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GMO TRUST, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BAUSCH HEALTH COMPANIES INC., and BAUSCH + LOMB CORPORATION,<br><br>    Defendants. | Civil Action No. 3:22-cv-01823<br><br>Removed From:<br>Superior Court of New Jersey<br>Chancery Division<br>Somerset County<br><br>State Court Dkt. No. SOM-C-12010-22<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>**Motion Day:  June 21, 2022** |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION TO REMAND**

Lawrence M. Rolnick
**ROLNICK KRAMER SADIGHI LLP**
300 Executive Drive, Suite 275
West Orange, NJ  07052
Tel: 212.597.2800
   *Counsel for GMO Plaintiffs, Brahman Plaintiffs, SAAMCo Plaintiffs, Discovery Plaintiffs, MSD Plaintiffs, and Incline Plaintiffs*

Patrick L. Rocco
**FLEISCHMAN BONNER & ROCCO LLP**
447 Springfield Avenue, Second Floor
Summit, NJ 07901
Tel: 908.516.2045
   *Counsel for Plaintiff Okumus*

Karen M. Lerner
**KIRBY McINERNEY LLP**
250 Park Avenue, Suite 820
New York, NY 10177
Tel: 212.371.6600
   *Counsel for Maverick Plaintiffs*

Stephen W. Tountas
**KASOWITZ BENSON TORRES LLP**
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: 212.506.1739
   *Counsel for the Privet Plaintiffs*

Jeffrey A. Almeida
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: 302.622.7000
   *Counsel for Plaintiff PGGM, Plaintiff Schilders, the Pacific Funds Plaintiffs, Plaintiff USAA, Plaintiff INKA, and Plaintiff GIC*

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ........................................................................................................... 1

I.    Defendants Have Failed to Establish that SLUSA Applies to Plaintiffs' Action ........................................................................................................... 1

II.   Plaintiffs' State Law Claims Plainly Seek Equitable Relief, Not Damages ............ 7

III.  Plaintiffs' Bona Fide State Court Action Is Not an "End Run" Around the Special Master's Discovery Rulings or a "Campaign" to Create "Leverage ........... 9

IV.  If Remand Is Granted, Plaintiffs Are Entitled to Reasonable Attorneys' Fees and Costs ................................................................................................... 11

CONCLUSION ..................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   2007 WL 9734031 (D.N.M. Apr. 4, 2007) ................................................................................ 8

*Bertram v. Terayon Commc'ns Sys., Inc.*,
   2001 WL 514358 (C.D. Cal. Mar. 27, 2001) ........................................................................... 8

*Bittner v. Borne Chem. Co., Inc.*,
   691 F.2d 134 (3d Cir. 1982) ..................................................................................................... 7

*Cap. Inv. Funding, LLC v. Lancaster Res., Inc.*,
   2014 WL 5798121 (D.N.J. Nov. 06, 2014) ............................................................................. 8

*Davis v. John Hancock Viable Life Ins. Co.*,
   295 F. App'x 245 (9th Cir. 2008) ............................................................................................ 8

*In re Kingate Mgmt. Ltd. Litig.*,
   784 F.3d 128 (2d Cir. 2015) ................................................................................................ 2, 3

*In re Sierra Steel, Inc.*,
   96 B.R. 275 (B.A.P. 9th Cir. 1989) ......................................................................................... 7

*Janvey v. Alguire*,
   647 F.3d 585 (5th Cir. 2011) ........................................................................................ 8, 9, 11

*Kearney Constr. Co. v. Travelers Cas. & Surety Co. of Am.*,
   2020 WL 6801863 (M.D. Fla. Nov. 19, 2020) ........................................................................ 8

*LaSala v. Bordier et Cie*,
   519 F.3d 121 (3d Cir. 2008) ................................................................................................ 3, 4

*N. Sound Cap. LLC v. Merck & Co., Inc.*,
   938 F.3d 482 (3d Cir. 2019) ................................................................................................ 2, 9

*Rowinski v. Salomon Smith Barney Inc.*,
   398 F.3d 294 (3d Cir. 2005) ..................................................................................................... 3

*Rubery v. Radian Grp., Inc.*,
   2007 WL 1575211 (E.D. Pa. May 31, 2007) .......................................................................... 8

*Rubin v. Reinhard*,
   2009 WL 862241 (S.D. Cal. 2009) .......................................................................................... 7

**Page(s)**

*S.E.C. v. Antar*,
   120 F. Supp. 2d 431 (D.N.J. 2000) .................................................................................. 6

*Stabile v. Benson*,
   2011 WL 4483580 (N.J. Super. Ct. App. Div. Sept. 29, 2011) .................................... 7

*Wald v. C.M. Life Ins. Co.*,
   2001 WL 256179 (N.D. Tex. Mar. 8, 2001) ................................................................. 7

*Wilson v. Wells Fargo Advisors, LLC*,
   2012 WL 5240815 (D. Del. Sept. 25, 2012) ........................................................... 4, 5

**Statutes**

15 U.S.C. § 78bb .................................................................................................................. 1, 9

28 U.S.C. § 1447 ...................................................................................................................... 1

Plaintiffs[1] to the above-captioned action respectfully submit this reply memorandum of law in further support of their Motion to Remand and, if remand is granted, for reasonable attorneys' fees and costs, pursuant to 28 U.S.C. § 1447 and 15 U.S.C. § 78bb(f)(3)(D).

## ARGUMENT

### I.  Defendants Have Failed to Establish that SLUSA Applies to Plaintiffs' Action

Defendants' opposition to remand lays bare their strategy.  They do not argue that Plaintiffs should pursue their fraudulent conveyance claim in federal court, but rather that Plaintiffs are not entitled to pursue a claim under the NJVTA *anywhere*.  Defendants argue that SLUSA – designed to require securities fraud class actions to proceed in federal court under the PSLRA – permanently deprives Plaintiffs of their state law right under the NJVTA to have a transaction declared a fraudulent conveyance.  Defendants would thus have this Court rule that although New Jersey has provided all potential judgment creditors with an equitable statutory right to have certain transfers declared voidable, those equitable state law protections are simply unavailable to one group of litigants – those pursuing federal securities claims.

It cannot be that Congress – which enacted the federal securities laws to protect investors and the integrity of the capital markets – passed SLUSA to *prevent* injured investors from having access to state law statutes designed to ensure their claims are ultimately collectable.  In fact, it strains credulity to believe that Congress would single out securities fraudsters to be able to evade state laws preventing fraudulent transfers.  Nothing in SLUSA gives defendants in securities cases a green light to engage in such transactions.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as set forth in Plaintiffs' Memorandum of Law in Support of Their Motion to Remand (ECF No. 9-1) ("Pls. Br."). Citations to "Defs. Br." are to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand (ECF No. 10).

SLUSA was designed to prevent securities fraud class actions from proceeding in state court and evading the strictures of the PSLRA. That Congressional intent was explained definitively by the Second Circuit in *In re Kingate Management Ltd. Litigation*, 784 F.3d 128 (2d Cir. 2015), which Defendants fail to address in their opposition brief. SLUSA is not implicated here because Plaintiffs have not sought to evade the PSLRA. To the contrary, they brought their federal securities law claims in federal court. Those claims continue to be prosecuted today, pursuant to the uniform standards of the PSLRA, and currently are in expert discovery.

That SLUSA was not enacted to eliminate state law remedies for fraudulent transfers is abundantly clear from the Special Master's prior rulings. When Plaintiffs sought discovery about the Spin-Off, the Special Master denied their request, finding that it was not relevant to their securities law claims and that discovery into a defendant's ability to pay is generally not permitted until after judgment. *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 15-cv-07658, ECF No. 884, at 14 (Nov. 12, 2021). Whether the Spin-Off transaction is a fraudulent conveyance is something that cannot even be explored – much less adjudicated – in federal court under the PSLRA. The appropriate forum in which to adjudicate such claims is in state court under the NJVTA.

In their opening brief, Plaintiffs challenged Defendants to find *even one case* that has applied SLUSA to bar a state law claim under either the NJVTA, the Uniform Voidable Transactions Act (on which the NJVTA is based), or its predecessor, the Uniform Fraudulent Transfer Act. Defendants were unable to do so. Nor were they able to identify a single case that interpreted SLUSA to somehow invalidate state statutes designed to protect potential judgment creditors. That is not surprising, because SLUSA was enacted to prevent securities fraud class actions from being camouflaged as state court claims to evade the uniform standards imposed by the PSLRA. *See N. Sound Cap. LLC v. Merck & Co., Inc.*, 938 F.3d 482, 487-88 (3d Cir. 2019).

SLUSA was not intended to preempt state law claims that are not based on conduct governed by the federal securities laws. *See Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 299 (3d Cir. 2005) ("SLUSA furthers the uniform application of federal fraud standards without expanding or constricting the substantive reach of federal securities regulation."); *Kingate*, 784 F.3d at 146 ("[T]he history and the purposes of [SLUSA] all favor interpreting it to apply to state law claims predicated on conduct by the defendant that is specified in SLUSA's operative provisions referencing the anti-falsity proscriptions of the 1933 and 1934 Acts." (emphasis omitted)). There is nothing in SLUSA that suggests that Congress intended to prevent litigants, like Plaintiffs here, from seeking equitable relief pursuant to state statutory law to protect the collectability of a prospective judgment. Simply put, the conduct that Plaintiffs allege violates the NJVTA is not conduct that gives rise to a claim by Plaintiffs against Defendants under the federal securities laws, and therefore is not subject to SLUSA preemption.

Equally unavailing is Defendants' attempt to catalog the allegations in Plaintiffs' Complaint that mention their securities claims. Despite Defendants' efforts, simple legal analysis confirms that the allegations of securities fraud do not serve as a factual predicate for Plaintiffs' state law claims because the NJVTA does not require proof of securities fraud. Whether Defendants made material misrepresentations in connection with the purchase or sale of a security is wholly irrelevant to whether Defendants have engaged in a transaction that violates the NJVTA. Because the securities fraud allegations are not a factual predicate to Plaintiffs' state law claims, but rather background allegations, the Third Circuit has held that SLUSA simply does not apply. *See LaSala v. Bordier et Cie*, 519 F.3d 121, 141 (3d Cir. 2008); *Rowinski*, 398 F.3d at 300. That Plaintiffs described the background of the federal securities fraud in "detail" in their Complaint does not render those allegations a factual predicate for their state law claims under the NJVTA.

Unable to convincingly demonstrate that securities fraud is a factual predicate for Plaintiffs' NJVTA claim, Defendants attempt to downplay the Third Circuit's holding in *LaSala* – which Defendants address for the first time in their opposition brief. (*See* Defs. Br. at 15-16.) The Third Circuit's decision in *LaSala* was not narrowly limited to the issues of numerosity and Swiss law as Defendants suggest. (*See id.*) Rather, *LaSala* clarified and explained the Court's prior holding in *Rowinski*, making clear that just because a complaint literally contains allegations of "misrepresentation[s] or omission[s] . . . in connection with the sale of a covered security" does not implicate SLUSA unless those allegations serve as a factual predicate that must be proven in order to prove entitlement to the state law claim. 519 F.3d at 141; *see also id.* ("It is important to recognize that *Rowinski* did not hold that any time a misrepresentation is alleged, the misrepresentation-in-connection-with-a-securities-trade ingredient is present."). In other words, a court must look to the *substance* of a claim and determine if the conduct required to prove it is conduct that is governed by the federal securities laws. Just like in *LaSala*, Bausch Health's misrepresentations from 2013 through 2015 are "merely background details that need not have been alleged, and need not be proved," to establish Plaintiffs' NJVTA claims based on Defendants' pursuit of a transaction designed to render Bausch Health potentially judgment-proof. *Id.*

Unable to effectively grapple with either *Kingate* or *LaSala*, Defendants turn to a report and recommendation by a magistrate judge in Delaware. (*See* Defs. Br. at 15-16 (citing *Wilson v. Wells Fargo Advisors, LLC*, 2012 WL 5240815 (D. Del. Sept. 25, 2012)).) Again, however, their reliance is misplaced. Like the plaintiffs in *Rowinski*, the plaintiffs in *Wilson* brought a federal securities fraud class action poorly disguised as a state law action for breach of fiduciary and contractual duties based on the defendants' misrepresentations made in connection with the sale of auction rate securities to the putative class members. *Wilson*, 2012 WL 5240815, at *4-6. That

action was a plain example of trying to take conduct that should form the basis of a federal securities class action and dressing it up as a state law claim to avoid the PSLRA. The magistrate judge had little difficulty finding SLUSA preemption because the plaintiffs' misrepresentation allegations were a factual predicate for their state law claims. *See id.* at *7-8. The plaintiffs were still entitled to pursue damages, but in federal court under the PSLRA. Nothing in *Wilson* changes the Third Circuit's ruling in *LaSala* or could be remotely construed to permanently abrogate the rights of potential judgment creditors to challenge fraudulent transfers under the NJVTA.

Defendants next try to shoehorn Plaintiffs' NJVTA claims into the "factual predicate" paradigm by mischaracterizing Plaintiffs' allegations. (*See* Defs. Br. at 9-15.) However, Plaintiffs do not, as Defendants erroneously contend, allege that a New Jersey court must somehow determine the value of their federal securities fraud claims to determine whether the Spin-Off renders Bausch Health insolvent. Not one of the Complaint's allegations that Defendants cite request that the state court value Plaintiffs' federal claims. (*See id.* at 12-13.) Equally unavailing are Defendants' assertions that Plaintiffs are somehow "disavowing" or "re-characterizing [sic]" the allegations in their Complaint when they claim that the Spin-Off leaves Bausch Health insolvent. (*Id.* at 13.) To the contrary, Plaintiffs allege that the Spin-Off renders Bausch Health insolvent **without accounting for the value of Plaintiffs' federal securities fraud claims**. Specifically, Plaintiffs allege that financial analysts who cover Bausch Health have estimated that Bausch Health will have a *negative equity value of -$256 million* following the Spin-Off. (Compl. ¶¶ 172-73.) These financial projections do not ascribe any value to Plaintiffs' contingent claims because those potential liabilities are not reflected on Bausch Health's balance sheet.

That the Spin-Off leaves Bausch Health insolvent is confirmed by the current trading prices of the two companies following the recent IPO of Bausch + Lomb. Bausch Health currently trades

at a price of $9.63 per share and has a market cap of $3.48 billion. (Reply Declaration of Lawrence M. Rolnick in Further Support of Plaintiffs' Motion to Remand ("Rolnick Reply Decl.") Ex. A.) Bausch + Lomb currently trades at $16.29 per share and has a market cap of $5.7 billion. (*Id.* Ex. B.) Bausch Health owns 90% of Bausch + Lomb (*see id.* Ex. C at F-25), which means that those shares represent an asset value of $5.13 billion on Bausch Health's balance sheet. Once Bausch Health distributes those Bausch + Lomb shares as a dividend, that $5.13 billion asset will no longer be on Bausch Health's balance sheet, which means that its equity value will be negative ($3.48 billion - $5.13 billion = ($1.65 billion)). In other words, Bausch Health will be balance sheet insolvent when the transaction is completed with liabilities exceeding assets by $1.65 billion and *without taking into account any value for Plaintiffs' contingent claims against Bausch Health*.

Putting aside that Plaintiffs do not ask the New Jersey state court to determine the value of their securities claims, the state court is not required to conduct its own valuation of those claims. Rather, it may simply allow enforcement of the judgment ultimately entered by this Court against the Spin-Off. Indeed, that is precisely what Judges in this District have done on previous occasions when faced with a similar situation. *See, e.g.*, *S.E.C. v. Antar*, 120 F. Supp. 2d 431, 443 (D.N.J. 2000) (valuing contingent claims at time of transfer based on $15 million securities fraud judgment subsequently entered by district court), *aff'd*, 44 F. App'x 548 (3d Cir. 2002). Given that the state court can use this Court's judgment (or, if settled, the parties' settlement consideration) to value Plaintiffs' claims, Defendants' assertion that the state court action will "interfere" with the adjudication of the federal claims is nonsense. (*See* Defs. Br. at 3.)

Nor do the cases cited by Defendants provide to the contrary. (*See* Defs. Br. at 11-12.) In *Bittner v. Borne Chemical Co., Inc.*, 691 F.2d 134 (3d Cir. 1982), the Third Circuit held that it was appropriate for the bankruptcy court to await resolution of the underlying action, rather than

attempt to value the contingent claims based on the appellants' present probability of success. *Id.* at 137 ("By valuing the ultimate merits of the Rolfite stockholders' claims at zero, and temporarily disallowing them until the final resolution of the state action, the bankruptcy court avoided the possibility of a protracted and inequitable reorganization proceeding while ensuring that Borne will be responsible to pay a dividend on the claims in the event that the state court decides in the Rolfite stockholders' favor."). The other authorities cited by Defendants likewise defer speculative valuation in favor of final adjudication in the underlying action. *See In re Sierra Steel, Inc.*, 96 B.R. 275, 279 n.6 (B.A.P. 9th Cir. 1989) ("[T]here is no policy reason why bankruptcy judges should not be allowed to consider subsequent events in valuing assets or determining liabilities."); *Stabile v. Benson*, 2011 WL 4483580, at *8 (N.J. Super. Ct. App. Div. Sept. 29, 2011) (finding no valuation required by court if underlying action had been resolved). Here, the state court is simply being asked to declare that the Spin-Off is a fraudulent transfer and to allow enforcement of a judgment against the Spin-Off when Plaintiffs' claims are reduced to a money judgment. Defendants' contention that such declaratory relief would somehow "interfere" with this Court's adjudication of Plaintiffs' federal securities fraud claims is without merit.

**II.      Plaintiffs' State Law Claims Plainly Seek Equitable Relief, Not Damages**

Defendants' SLUSA argument suffers from another equally fundamental flaw: Plaintiffs' state law claim is not one for damages. Thus, it is not a "covered class action" pursuant to the express language of SLUSA. *See Rubin v. Reinhard*, 2009 WL 862241, at *4-5 (S.D. Cal. Mar. 25, 2009); *Wald v. C.M. Life Ins. Co.*, 2001 WL 256179, at *5-6 (N.D. Tex. Mar. 8, 2001).

Faced with the stark reality that the NJVTA action plainly falls outside the scope of a class action covered by SLUSA, Defendants argue that Plaintiffs might one day amend their Complaint to assert a claim for money damages. (*See* Defs. Br. at 16-19.) However, this argument entirely ignores an incontrovertible point that Plaintiffs made in their moving brief: the NJVTA does not

provide Plaintiffs a claim for money damages.  (*See* Pls. Br. at 23-24 (citing *Cap. Inv. Funding, LLC v. Lancaster Res., Inc.*, 2014 WL 5798121, at *2 (D.N.J. Nov. 6, 2014); *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011); *Kearney Constr. Co. v. Travelers Cas. & Sur. Co. of Am.*, 2020 WL 6801863, at *3 (M.D. Fla. Nov. 19, 2020)).)  Defendants fail to address this case law and do not cite any law – binding, persuasive, or otherwise – to the contrary.[2]

Recognizing the frailty of an argument that Plaintiffs might in the future amend their Complaint to add a claim not authorized under the NJVTA, Defendants fall back on a curious policy argument that SLUSA should be interpreted "broadly to fulfill its purpose."  (Defs. Br. at 3.)  However, the purpose of SLUSA was to prevent securities fraud class action claims seeking money damages from being brought in state court under state law.  Its purpose was not to allow those engaged in securities fraud to avoid liability by engaging in fraudulent transfers.  Moreover, the argument that SLUSA should somehow be broadly interpreted to preempt broad swaths of state law was resoundingly rejected by the Third Circuit in its most recent decision addressing SLUSA, *North Sound* – another binding case from the Third Circuit that Defendants fail to cite.

In *North Sound*, the Court rejected the defendants' argument that it should adopt a "broad interpretation [of SLUSA] to ensure the uniform application of federal fraud standards" on claims that were not covered by SLUSA's statutory text.  938 F.3d at 491-92.  First, the Court determined

---

[2] The cases cited by Defendants are not only inapposite because none involved a state law claim for which only equitable remedies were available, but also because none involved the Uniform Voidable Transactions Act (or its predecessors) as adopted in any jurisdiction.  (*See* Defs. Br. at 16-17 (citing *Rubery v. Radian Grp., Inc.*, 2007 WL 1575211, at *2 (E.D. Pa. May 31, 2007) (asserting common law breach of fiduciary duty claim in connection with a merger); *Bertram v. Terayon Commc'ns Sys., Inc.*, 2001 WL 514358, at *3 (C.D. Cal. Mar. 27, 2001) (asserting California statutory claim seeking restitution); *Davis v. John Hancock Viable Life Ins. Co.*, 295 F. App'x 245, 246 (9th Cir. 2008) (alleging claims for fraud and misrepresentation); *Anderson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2007 WL 9734031, at *3 (D.N.M. Apr. 4, 2007) (asserting claims under state Blue Sky securities statute and seeking damages in addition to an equitable bill of discovery)).)

that "Congress has repeatedly declined the invitation – in the Securities Act, the Exchange Act, the PSLRA, and SLUSA itself – to broadly preempt state-law securities claims." *Id.* at 491. Second, the Court reasoned that "the 'broad-construction' canon does not render SLUSA somehow magically impervious to traditional tools of statutory construction." *Id.* Similarly, here, the statutory text of SLUSA unambiguously limits its application to a lawsuit in which "***damages are sought***." 15 U.S.C. § 78bb(f)(5)(B)(i)(I) (emphasis added). Plaintiffs are not seeking damages – because they cannot – under the NJVTA. Accordingly, no canon of construction can be used to overcome the plain language of the statute and *North Sound* prohibits such an effort.

Finally, although Defendants begrudgingly recognize that Plaintiffs have not sought a constructive trust, they erroneously claim that the equitable relief that Plaintiffs seek under the NJVTA is the "functional equivalent" of a constructive trust and that such a remedy would actually seek monetary damages. (*See* Defs. Br. at 17.) However, Plaintiffs have sought damages only on their federal securities fraud claims filed in this Court. Through their state court action, Plaintiffs are merely seeking to declare that Bausch Health's fraudulent transfer of assets to Bausch + Lomb can be avoided as necessary to satisfy whatever damages the jury may ultimately award in their federal action. That is quintessential equitable relief, not a claim for money damages, and is therefore not covered under SLUSA. *See Janvey*, 647 F.3d at 600 ("The relief that the Receiver ultimately seeks is equitable in nature; the Receiver seeks 'avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.'").

### III. Plaintiffs' Bona Fide State Court Action Is Not an "End Run" Around the Special Master's Discovery Rulings or a "Campaign" to Create "Leverage"

In a last-ditch effort to divert the Court's attention from the governing legal principles that doom Defendants' attempted removal of Plaintiffs' state court action, Defendants resort to hyperbole and spill much ink trying to recast Plaintiffs' state court action as a "campaign" to create

"leverage" and as an "end run around the Special Master's discovery decisions." (Defs. Br. at 1.) However, the Special Master's ruling on discovery demonstrates that the federal securities case is not an available venue in which to challenge whether the Spin-Off is a fraudulent transfer.

After Plaintiffs first learned of the Spin-Off, they requested information from Bausch Health about which entity – Bausch Health or Bausch + Lomb – would be responsible for satisfying Plaintiffs' claims after the Spin-Off. Bausch Health refused to provide the requested information, arguing that it was irrelevant to the securities law claim. Plaintiffs then filed a motion to compel such discovery with the Special Master. On November 12, 2021, the Special Master denied Plaintiffs' motion, finding that a litigant is not entitled to "discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment." *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 15-cv-07658, ECF No. 884, at 14.

Following the denial of Plaintiffs' motion to compel, Defendants publicly disclosed additional details about the Spin-Off. On January 13, 2022, Bausch + Lomb filed an S-1 registration statement with the SEC disclosing that Bausch Health was transferring significant assets to Bausch + Lomb without receiving reasonably equivalent value in return. (Compl. ¶ 151.) Specifically, the S-1 disclosed that Bausch Health was transferring its vision care assets (accounting for approximately 50% of its business) to Bausch + Lomb in return for a projected 80% interest in Bausch + Lomb plus the proceeds of a debt-raise, but that Bausch Health would immediately give away the equity value it received and put it beyond the reach of creditors (in the form of a corporate dividend). (*Id.* ¶ 157.) This announcement caused the value of Bausch Health's debt to plummet (*id.* ¶¶ 175-76), and gave rise to Plaintiffs' claim under the NJVTA.

Plaintiffs did not file their NJVTA action in March 2022 because they were denied discovery in November 2021. Rather, they filed their state court action in response to the news

that Defendants disclosed in January 2022 revealing that the Spin-Off will leave Bausch Health potentially judgment-proof. Plaintiffs' action takes advantage of a state statutory remedy designed to protect litigants against fraudulent transfers that impede the collection of a judgment.

Indeed, the Special Master's rulings actually undermine Defendants' SLUSA removal, rather than support it. The Special Master denied Plaintiffs' request for discovery concerning the Spin-Off in connection with Plaintiffs' federal securities fraud claims, in part, because he determined that the Spin-Off has no bearing on the merits of Plaintiffs' federal securities fraud claims: "Recent developments . . . concerning the proposed restructuring of [Bausch Health] and potential moves to be made by certain executives of the same company, while arguably of concern to Plaintiffs, ***do not structurally bear on the issues which underlie this lawsuit***." *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 15-cv-07658, ECF No. 884, at 14 (emphasis added). Thus, rather than support Defendants' position that SLUSA applies, the Special Master's rulings confirm that SLUSA is inapplicable because he found that the subject of Plaintiffs' NJVTA claim – the Spin-Off – has no bearing on Plaintiffs' pending federal securities fraud claims.

### IV.　If Remand Is Granted, Plaintiffs Are Entitled to Reasonable Attorneys' Fees and Costs

Despite Plaintiffs' challenge to Defendants to do so, Defendants still have not cited a single case where a court permitted removal pursuant to SLUSA of a state law claim filed under the NJVTA, its predecessor, or the equivalent uniform acts adopted in any other jurisdiction. In their Notice of Removal, Defendants failed to cite binding and highly relevant precedent from the Third Circuit Court of Appeals that further undercuts their already unsubstantiated arguments concerning SLUSA. In their opposition to Plaintiffs' Motion to Remand, Defendants again failed to cite controlling Third Circuit precedent. Because Defendants lacked an objectively reasonable basis for removing this case from state court, this Court should award Plaintiffs fees and costs.

## CONCLUSION

For the reasons stated above, and for the reasons set forth in Plaintiffs' moving brief, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and remand this action to the Superior Court of New Jersey. Furthermore, Plaintiffs respectfully request that, if the Court remands the matter, the Court award Plaintiffs their attorneys' fees and costs incurred as a result of Defendants' improper removal of this action.

Dated: June 3, 2022                                    Respectfully submitted,

**ROLNICK KRAMER SADIGHI LLP**

By:    *s/ Lawrence M. Rolnick*
       Lawrence M. Rolnick
       Marc B. Kramer
       Sheila A. Sadighi
       Michael J. Hampson
       300 Executive Drive, Suite 275
       West Orange, NJ  07052
       Tel: 212.597.2800
       Fax:  212.597.2801
       lrolnick@rksllp.com
       mkramer@rksllp.com
       ssadighi@rksllp.com
       mhampson@rksllp.com

*Counsel for GMO Plaintiffs, Brahman Plaintiffs, SAAMCo Plaintiffs, Discovery Plaintiffs, MSD Plaintiffs, and Incline Plaintiffs*

| | |
|---|---|
| **FLEISCHMAN BONNER & ROCCO LLP** | **KIRBY McINERNEY LLP** |
| By: *s/ Patrick L. Rocco* | By: *s/ Karen M. Lerner* |
| Patrick L. Rocco | Karen M. Lerner |
| 447 Springfield Avenue, Second Floor | Daniel Hume* |
| Summit, NJ 07901 | Ira M. Press* |
| Tel: 908.516.2045 | Meghan J. Summers* |
| Fax: 908.516.2049 | 250 Park Avenue, Suite 820 |
| procco@fbrllp.com | New York, NY 10177 |
| | Tel: 212.371.6600 |
| **DIETRICH SIBEN THORPE LLP** | Fax: 212.751.2540 |
| | klerner@kmllp.com |
| Matthew P. Siben* | dhume@kmllp.com |
| 2292 Faraday Ave., Suite 100 | ipress@kmllp.com |
| Carlsbad, CA 92008 | msummers@kmllp.com |
| Tel: 310.300.8450 | |
| Fax: 310.300.8401 | Mark A. Strauss, Esq.* |
| matthew@dstlegal.com | **MARK A. STRAUSS LAW, PLLC** |
| | 555 Madison Avenue, 5th Flr. |
| David A. Thorpe* | New York, NY 10022 |
| Shawn M. Hays* | Tel: 212.729.9496 |
| 9595 Wilshire Blvd., Suite 900 | Fax: 212.202.6443 |
| Beverly Hills, CA 90212 | mark.strauss@markastrausslaw.com |
| Tel. 310.300.8450 | |
| Fax 310.300-8401 | *pro hac vice* forthcoming |
| david@dstlegal.com | |
| | *Counsel for Maverick Plaintiffs* |
| *pro hac vice* forthcoming | |
| | |
| *Counsel for Plaintiff Okumus* | |

**GRANT & EISENHOFER P.A.**

By:   *s/ Jeffrey A. Almeida*
Jeffrey A. Almeida
Daniel Berger*
Caitlin Moyna*
123 Justison Street
Wilmington, DE 19801
Tel: 302.622.7000

*pro hac vice forthcoming*

*Counsel for Plaintiff PGGM, Plaintiff Schilders, the Pacific Funds Plaintiffs, Plaintiff USAA, Plaintiff INKA, and Plaintiff GIC*

**KASOWITZ BENSON TORRES LLP**

By:   *s/ Stephen W. Tountas*
Stephen W. Tountas
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: 212.506.1739
Fax: 973.643.2030
stountas@kasowitz.com

**MOTLEY RICE LLC**

Serena P. Hallowell*
777 Third Ave.
New York, NY 10017
Tel: 212.577.0040
Fax: 843.216.9450
shallowell@motleyrice.com

**LABATON SUCHAROW LLP**

Thomas G. Hoffman*
Michael P. Canty*
140 Broadway
New York, NY 10005
Tel: 212.907.0700
Fax: 212.818.0477
thoffman@labaton.com
mcanty@labaton.com

*pro hac vice forthcoming*

*Counsel for the Privet Plaintiffs*